1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of MARTINEZ SERVICES, INC. d/b/a MARTINEZ CONSTRUCTION SERVICES, and MARTINEZ SERVICES, INC. d/b/a MARTINEZ CONSTRUCTION SERVICES<br><br>Plaintiff,<br><br>vs.<br><br>ADVANCED TECHNOLOGY CONSTRUCTION CORPORATION, and ZURICH AMERICAN INSURANCE COMPANY the parent company of FIDELITY AND DEPOSIT COMPANY OF MARYLAND, an insurance company.<br><br>Defendants. | CASE NO.:<br><br><br>COMPLAINT FOR ACTION AGAINST MILLER ACT BOND AND FOR MONEY DUE |

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

        Plaintiff, United States of America, for the use and benefit of Martinez Services, Inc.

d/b/a Martinez Construction Services ("Martinez Construction" or "Plaintiff") hereby alleges,

states, and claims against Advanced Technology Construction Corporation ("Advanced

Technology") and Zurich American Insurance Company, the parent company of Fidelity and

Deposit Company of Maryland ("Surety") as set forth below, each a "Defendant" and

collectively, the "Defendants." Furthermore, Martinez Construction Services hereby asserts

additional claims against Advanced Technology as also set forth below.

27

COMPLAINT - 1

PETERSON RUSSELL KELLY LIVENGOOD PLLC
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
Telephone (425) 462-4700 Fax (425) 451-0714

## I.  PARTIES

1.  Plaintiff Martinez Construction is a Florida corporation, with offices in California and its principal place of business in Merritt Island, FL.

2.  Advanced Technology Construction Corporation ("Advanced Technology") is a Washington corporation with its principal place of business in Tacoma, Washington.

3.  Upon information and belief, Defendant Zurich American Insurance Company is a corporation of the state of New York, and it is the parent company to Fidelity Deposit Company of Maryland, a corporation of the state of Illinois, collectively referred to herein as the "Surety."

## II.  JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction pursuant to the Miller Act, 40 U.S.C. § 3133(b)(3) and 28 U.S.C. § 1331-1334.

5.  The contract out of which the Miller Act claim arises was performed at the United States Coast Guard Station in Morro Bay, California, which is within San Luis Obispo County. Accordingly, venue generally would lie in the United States District Court for the Central District of California, Western Division pursuant to 40 U.S.C. § 3133(b)(3)(B) and 28 U.S.C. § 1391(b)(2).

6.  However, the Miller Act's venue provision may be waived or superseded by a valid mandatory forum selection clause in a contract. *U.S. for Use of B & D Mech. Contractors, Inc. v. St. Paul Mercury Ins. Co.*, 70 F.3d 1115 (10th Cir. 1995). Moreover, courts consider the venue provision of the Miller Act to be permissive (and therefore waivable), and tend to enforce the parties' contractual venue provision over the Miller Act venue requirement. *See, e.g.*, *United States ex rel. Pittsburgh Tank & Tower, Inc. v. G & C Enterprises, Inc.*, 62 F.3d 35, 36 (1st Cir. 1995) (holding that the Miller Act payment bond lawsuit was subject to venue selection provision in subcontract).

7.  The contract central to this Complaint expressly provides for the venue for any lawsuit arising out of the contract or the work thereunder to be Seattle, Washington. Thus, venue

COMPLAINT - 2

properly lies with the United States District Court for the Western District of Washington, pursuant to the venue selection clause of the Subcontract as that term is defined below. *See United States ex rel. Belt Con Construction, Inc. v. Metric Construction Co., Inc.,* 2003 WL 27385338 U.S. District Ct., D. New Mexico (2003).

### III.    FACTS

8.    On August 7, 2019, the United States Coast Guard (the "US Coast Guard") awarded a contract to Advanced Technology Construction Corporation ("Advanced Technology") for the project known as "USCG Facilities Design & Construction Center, Construction Addition at STA Morro Bay," Contract No. 70Z0881DPQQ20200, Task Order No. 70Z04719FMORBAY00 (the "Contract").

9.    The Contract was awarded to Advanced Technology by letter to, *inter alia*, construct an addition at US Coast Guard Station Morro Bay (the "Station"), which is comprised of a single harborside building within the city limits of Morro Bay, California.

10.    Surety issued a payment bond for the Project under Bond No. PRF 9323150 2220607 (the "Bond"). A true and correct copy of the Bond is attached as **Exhibit A** and incorporated herein by this reference. The Bond provides that Advanced Technology is the principal, Surety is the surety, and United States of America is the owner.

11.    Martinez Construction is a contractor organized in Florida and doing construction work in California, and other states.

12.    Base Contract Work. Advanced Technology engaged Martinez Construction as a primary subcontractor and entered into a related Subcontract Agreement with Martinez Construction (the "Subcontract") dated November 5, 2019 to perform substantial aspects of the Contract, including certain utility and earthworks (the "Base Contract Work").

13.    Martinez Construction's compensation from Advanced Technology for the Base Contract Work (*i.e.,* Martinez's original scope of work) was specified in the Subcontract as $749,106.73.

COMPLAINT - 3

**PETERSON RUSSELL KELLY LIVENGOOD PLLC**
**1850 Skyline Tower – 10900 NE Fourth Street**
**Bellevue, Washington 98004-8341**
**Telephone (425) 462-4700 Fax (425) 451-0714**

14.     Martinez Construction fully performed the Base Contract Work, yet Advanced Technology has paid Martinez only $410,620.57 for it.

15.     Change Order #1. Upon information and belief, the US Coast Guard amended the Contract with Advanced Technology in 2020 for additional work applicable to Martinez Construction.

16.     In turn, the parties executed an amendment to the Subcontract ("Change Order #1") in November 2020, specifying an additional scope of work (the "Change Order #1 Work") in the amount of $170,821.00, bringing the total Subcontract value to $919,927.73.

17.     Martinez Construction fully performed the Change Order #1 Work, yet Advanced Technology has paid Martinez Construction only $107,617.23 for it.

18.     Change Order #2. Upon information and belief, the US Coast Guard further amended the Contract with Advanced Technology in 2020 for further additional work applicable to Martinez Construction.

19.     In turn, the parties executed another amendment to the Subcontract ("Change Order #2") in December 2020, specifying an additional scope of work (the "Change Order #2 Work") in the amount of $3,109.82, bringing the total Subcontract value to $923,037.55.

20.     Martinez Construction fully performed the Change Order #2 Work, yet Advanced Technology has paid Martinez Construction Martinez Construction only $1,399.42 for it.

21.     Additional Utility Work. The Base Contract Work included certain utility work to be completed pursuant to the Contract solicitation (the "RFP") and drawings (the "Documents"). The utility work included relocation of "electrical service to the Station Morro Bay"; a two-inch (2") connection to the Station, located at 1275 Embarcadero, Morro Bay, CA 93442 ("Station Electrical"). No other electrical utility work was referenced in the RFP or Documents.

22.     After being awarded the Contract, Advanced Technology began performing the design phase of the Contract but did not include Martinez Construction in vital meetings crucial to that effort, including the utility design.

PETERSON RUSSELL KELLY LIVENGOOD PLLC
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
Telephone (425) 462-4700 Fax (425) 451-0714

23.    In February 2020, as part of the design phase of the project—and long after the Contract and Subcontract had been awarded—the local utility company, Pacific Gas & Electric ("PG&E"), issued its November 2019 utility design submittals to Advanced Technology ("Revision 1").

24.    Advanced Technology included PG&E's Revision 1 in its 65% design package submittal to the US Coast Guard. Revision 1 added relocation of primary electrical service lines to businesses and municipal buildings in Morro Bay CA ("Morro Electrical"); additional work that was external to the Station, outside the scope of the Station Electrical, not contemplated in the procurement, and not included in the Contract (the "Additional Utility Work").

25.    Because Advanced Technology did not include Martinez Construction in vital aspects of the design phase, Martinez Construction did not learn of Revision 1 until on or about April 8, 2020, when Advanced Technology submitted its 65% design package to the US Coast Guard.

26.    The Additional Utility Work materially expanded Martinez Construction's scope, adding $258,401.26 in direct costs and 60 schedule days to Martinez Construction in order to complete these additional, and unforeseeable, project requirements.

27.    Martinez Construction sought financial compensation and schedule relief from Advanced Technology for the Additional Utility Work by timely request for amendment to the Subcontract, as well as by Contract Modification Request ("CMR") followed by Request for Equitable Adjustment ("REA") from the US Coast Guard via Advanced Technology.

28.    Advanced Technology refused to amend the Subcontract to reflect the Additional Utility Work, and further refused to sponsor Martinez Construction's related CMR and REA to the US Coast Guard as set forth in Section 8.A. of the Subcontract.

29.    Instead, Advanced Technology demanded Martinez Construction complete the Additional Utility Work at its own expense—under direct threat of termination for default—made possible by Section 8.A. of the Subcontract, which compelled Martinez to perform the Additional Utility Work without any assurance whatsoever of compensation or schedule relief.

COMPLAINT - 5

30.     Martinez Construction timely completed the Additional Utility Work, the US Coast Guard received the benefit of the Additional Utility Work, but Martinez Construction has not been paid by Advanced Technology the $258,401.26 due for this work.

31.     <u>Additional Earthworks</u>. As with the utilities, Advanced Technology did not include Martinez Construction in vital aspects of the design phase of the Contract, during which Advanced Technology unilaterally changed the project design, adding substantial scope to earthworks via deeper excavation, soil improvement/replacement, and additional concrete work ("Additional Earthworks").

32.     Because ATC made the design changes unilaterally, Martinez Construction did not learn of these changes until on or about April 8, 2020, when Advanced Technology advised Martinez that the Additional Earthworks was Martinez's responsibility to perform.

33.     The Additional Earthworks materially expanded Martinez Construction's scope of work, adding $57,879.00 in direct costs and approximately 18 schedule days for Martinez Construction to complete these additional, and unforeseeable, project requirements.

34.     As with the Additional Utility Work, Martinez Construction sought financial compensation and schedule relief from Advanced Technology for the Additional Earthworks by timely request for amendment to the Subcontract, as well as by Contract Modification Request ("CMR") followed by Request for Equitable Adjustment ("REA") from the US Coast Guard via Advanced Technology.

35.     Advanced Technology refused to amend the Subcontract to reflect the Additional Earthworks, and further refused to sponsor Martinez Construction's related CMR and REA to the US Coast Guard as set forth in Section 8.A. of the Subcontract.

36.     Instead, Advanced Technology demanded Martinez Construction complete the Additional Earthworks at its own expense—under direct threat of termination for default—made possible by Section 8.A. of the Subcontract, which compelled Martinez to perform the Additional Earthworks without any assurance whatsoever of compensation or schedule relief.

COMPLAINT - 6

**Peterson Russell Kelly Livengood PLLC**
**1850 Skyline Tower – 10900 NE Fourth Street**
**Bellevue, Washington 98004-8341**
**Telephone (425) 462-4700 Fax (425) 451-0714**

37.     Martinez Construction timely completed the Additional Earthworks, the US Coast Guard received the benefit of the Additional Earthworks performed by Martinez Construction, but Martinez Construction has not been paid by Advanced Technology the $57,879.00 due for this effort.

38.     <u>Delay Damages</u>. Advanced Technology's delays to the design phase and its changes in design/scope extended the Subcontract period of performance and substantially shifted the Subcontract completion date. For example, Advanced Technology's original schedule showed design completion in first quarter 2020, yet the final design was not approved until August 2020. Advanced Technology's delays ultimately pushed the Subcontract period of performance from the planned completion date of February 12, 2021, to the actual completion date of August 5, 2021, nearly six months later.

39.     Martinez Construction notified Advanced Technology that it had substantially completed the Base Contract Work, Change Order #1 Work, Change Order #2 Work, Additional Utility Work, and Additional Earthworks (collectively, "the Total Work") on August 5, 2021, which was 174 calendar days after the February 12, 2021 original completion date. The additional 174 days of work were attributable solely to Advanced Technology and the US Coast Guard.

40.     As a result of these delays, Martinez Construction incurred an additional $423,848.00 in actual costs during the delay period.

41.     <u>Summary Calculations</u>. The original Subcontract amount was $749,106.73. Change Order #1 and Change Order #2 amended the Subcontract and increased the compensation due to Martinez by $173,930.82 ($170,821.00 + $3,109.82), bringing the total Subcontract value to $923,037.55.

42.     Martinez Construction fully performed all work required by the Subcontract (i.e., the Base Contract Work + Change Order #1 Work + Change Order #2 Work), yet Advanced Technology has paid Martinez only $519,637.22.

PETERSON RUSSELL KELLY LIVENGOOD PLLC
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
Telephone (425) 462-4700 Fax (425) 451-0714

43.     Accordingly, for the work expressly required by the Subcontract, Martinez Construction is due $403,400.33 ($923,037.55 - $519,637.22) from Advanced Technology which is the amount due pursuant to the Subcontract as amended yet remaining unpaid.

44.     Moreover, Martinez Construction is also due an additional $316,280.26 from Advanced Technology for having performed the Additional Utility Work ($258,401.26) and for having performed the Additional Earthworks ($57,879.00), both of which the US Coast Guard received the benefit from but Advanced Technology did not pay.

45.     Finally, Martinez Construction is also due an additional $423,848.00 from Advanced Technology for delay damages, as set forth *supra*.

### IV.     FIRST CAUSE OF ACTION
### (Claim Against Payment Bond Under Miller Act)

46.     Martinez Construction re-alleges the foregoing paragraphs as though fully set forth herein.

47.     40 U.S.C.A. §§ 3131 et seq. (the "Miller Act") requires prime contractors, as principals, and their bonding companies, as sureties, to guarantee that all persons supplying work or materials to the prime contractor will be paid for the work and materials. The Bond which was provided for this Contract secures payment to Martinez for material supplied and work performed for use on and for the improvement of the Contract and for which it has not been paid.

48.     Martinez Construction contracted directly with Advanced Technology, the prime contractor on the Contract and, therefore, no pre-claim notice is required from Martinez Construction as a condition for commencing this litigation.

49.     More than ninety (90) calendar days have elapsed since Martinez Construction completed its work on the Contract.

50.     Martinez Construction has satisfied all requirements to filing this litigation.

51.     The money due to Martinez Construction is based on work performed on the Contract at the request of Advanced Technology, the prime contractor for the US Coast Guard as set forth in the Subcontract and the amendments thereto.

COMPLAINT - 8

PETERSON RUSSELL KELLY LIVENGOOD PLLC
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
Telephone (425) 462-4700 Fax (425) 451-0714

52.     As set forth, *supra*, Martinez Construction fully performed all work required by the Subcontract (i.e., the Base Contract Work + Change Order #1 Work + Change Order #2 Work), yet Advanced Technology has paid Martinez only $519,637.22.

53.     Pursuant to the Miller Act (40 U.S.C. § 3133, *et seq.*), judgment should be awarded to Martinez Construction in the amount proven at trial but not less than $403,400.33.

## V.     SECOND CAUSE OF ACTION
### (Claim Against Advanced Technology for Money Due)

54.     Martinez Construction re-alleges the foregoing paragraphs as though fully set forth herein.

55.     In addition to the $403,400.33 owed to Martinez Construction by Advanced Technology and for which the Surety is liable under the Miller Act, Advanced Technology also requested—and Martinez Construction completed—the Additional Utility Work in the amount of $258,401.26, as well as the Additional Earthworks in the amount of $57,879.00, for which Martinez Construction has not been paid.

56.     Advanced Technology is liable to Martinez Construction in the amount of $316,280.26 for breaching the implied covenant of good faith and fair dealing in the Subcontract by refusing to amend the Subcontract to provide financial compensation and schedule relief to Martinez Construction for the Additional Utility Work and Additional Earthworks demanded by Advanced Technology and timely performed by Martinez Construction.

57.     Alternatively, Advanced Technology is liable to Martinez Construction in the amount of $316,280.26 for materially breaching its duty under Section 8.A. of the Subcontract by thwarting—instead of sponsoring—Martinez Construction's efforts to seek financial compensation and schedule relief from the US Coast Guard for the Additional Utility Work and Additional Earthworks via the CMRs and REAs timely submitted by Martinez Construction to Advanced Technology for that purpose; work demanded by Advanced Technology and timely performed by Martinez Construction.

PETERSON RUSSELL KELLY LIVENGOOD PLLC
1850 Skyline Tower – 10900 NE Fourth Street
Bellevue, Washington 98004-8341
Telephone (425) 462-4700 Fax (425) 451-0714

58.     Advanced Technology is also liable to Martinez Construction in the amount of $423,848.00 for breaching the implied covenant of good faith and fair dealing in the Subcontract by refusing to amend the Subcontract to provide financial compensation to Martinez Construction for the schedule delays caused by Advanced Technology.

59.     Advanced Technology cannot hide behind the "pay when paid" provision of the Subcontract because it breached its duty by refusing to either amend the Subcontract or sponsor the CMRs and REAs sought by Martinez Construction from the US Coast Guard, which would have amended the Contract or equitably compensated Advanced Technology to reflect Martinez Construction's additional direct costs and related schedule impacts arising from the Additional Utility Work and Additional Earthworks. Hence, even if the US Coast Guard did not pay for the benefit it received for the combined additional work performed by Martinez Construction, Advanced Technology remains responsible because it elected to not seek compensation from the US Coast Guard.

60.     Accordingly, as set forth, *supra*, Martinez Construction has a claim for money due against Advanced Technology in the total amount proven at trial but not less than $1,143,528.59, plus interest, fees and costs.

61.     Although the Subcontract includes an arbitration provision, Advanced Technology is not allowed to stay this case pending arbitration based on its prior agreement, as well as the doctrines of waiver and estoppel. Following the completion of construction, Advanced Technology agreed to provide an assignment to Martinez Construction to allow Martinez Construction to pursue the claims for additional work directly against the US Coast Guard. Yet, despite its repeated promises, Advanced Technology has failed to deliver the assignment. Thus, it has agreed, waived, and should be estopped from staying this proceeding.

62.     Additionally, Advanced Technology has recognized the need to pursue certain discovery. Hence, even if this dispute is subject to arbitration, it should not proceed to arbitration until Martinez Construction is allowed to conduct certain discovery.

**PETERSON RUSSELL KELLY LIVENGOOD PLLC**
**1850 Skyline Tower – 10900 NE Fourth Street**
**Bellevue, Washington 98004-8341**
**Telephone (425) 462-4700 Fax (425) 451-0714**

## VI.    PRAYER FOR RELIEF

WHEREFORE, Martinez Construction makes demand as follows:

A.    For judgment against Surety and paid from the Bond, the sum of $403,400.33, together with prejudgment interest, plus its reasonable attorney fees and costs and disbursements as allowed by contract (and/or statute) pursuant to the Miller Act for money due for work performed and for which it was not paid under the Subcontract as amended;

B.    For judgment against Advanced Technology, the sum of $1,143,528.59 together with prejudgment interest, together with reasonable attorney fees and costs and disbursements as allowed by contract and/or statute, for combined additional work performed and delay damages, reduced by any Miller Act judgment paid by Surety;

C.    For leave to amend this Complaint if necessary; and

D.    For such other and further relief as the court shall deem just and equitable.

DATED:  July 29, 2022.

PETERSON RUSSELL KELLY LIVENGOOD, PLLC


By: */s/ Michael S. DeLeo*
    Michael S. DeLeo, WSBA # 22037
    10900 NE Fourth Street, Suite 1850
    Bellevue, WA 98004
    Tel: (425) 462-4700
    Fax: (425) 451-0714
    mdeleo@prklaw.com
    *Attorney for Plaintiff*

COMPLAINT - 11

# EXHIBIT A

Bond No: 9323150

| PAYMENT BOND *(See instructions on reverse)* | DATE BOND EXECUTED *(Must be same or later than date of contract)* 08/07/2019 | OMB Control Number: 9000-0045 Expiration Date: 8/31/2019 |
|---|---|---|

Paperwork Reduction Act Statement - This information collection meets the requirements of 44 USC § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget (OMB) control number. The OMB control number for this collection is 9000-0045. We estimate that it will take 1 hour to read the instructions, gather the facts, and answer the questions. Send only comments relating to our time estimate, including suggestions for reducing this burden, or any other aspects of this collection of information to: General Services Administration, Regulatory Secretariat Division (M1V1CB), 1800 F Street, NW, Washington, DC 20405.

| PRINCIPAL *(Legal name and business address)* | TYPE OF ORGANIZATION *("X" one)* |
|---|---|
| Advanced Technology Construction Corporation 3828 E Portland Avenue Tacoma, WA 98404 | ☐ INDIVIDUAL   ☐ PARTNERSHIP   ☐ JOINT VENTURE ☒ CORPORATION   ☐ OTHER *(Specify)* |
| | STATE OF INCORPORATION Washington |

| SURETY(IES) *(Name(s) and business address(es))* | PENAL SUM OF BOND | | | |
|---|---|---|---|---|
| Fidelity and Deposit Company of Maryland 1299 Zurich Way, 5th Floor Schaumburg, IL 60196-1056 | MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
| | 001 | 271 | 961 | 00 |
| | CONTRACT DATE 8/7/2019 | CONTRACT NUMBER 70Z0881DPQQ20200, Task Order No. 70Z04719FMORBAY00 | | |

## OBLIGATION:

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit is indicated, the limit of liability is the full amount of the penal sum.

## CONDITIONS:

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

## WITNESS:

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

| Advanced Technology Construction Corporation | | **PRINCIPAL** | | |
|---|---|---|---|---|
| SIGNATURE(S) | 1. *(Seal)* | 2. *(Seal)* | 3. *(Seal)* | Corporate Seal |
| NAME(S) & TITLE(S) *(Typed)* | 1. Dennis Farrow President | 2. | 3. | |

| **INDIVIDUAL SURETY(IES)** | | | | |
|---|---|---|---|---|
| SIGNATURE(S) | 1. *(Seal)* | | 2. *(Seal)* | |
| NAME(S) *(Typed)* | 1. | | 2. | |

| **CORPORATE SURETY(IES)** | | | | | |
|---|---|---|---|---|---|
| SURETY A | NAME & ADDRESS | Fidelity and Deposit Company of Maryland 1299 Zurich Way, 5th Floor Schaumburg, IL 60196-1056 | STATE OF INCORPORATION Illinois | LIABILITY LIMIT $ 100% | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. Holli Albers Attorney-in-Fact | 2. | | |

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition is NOT usable

STANDARD FORM 25A (REV. 8/2016)
Prescribed by GSA-FAR (48 CFR) 53.2228(c)

### CORPORATE SURETY(IES) *(Continued)*

| SURETY B | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
|---|---|---|---|---|---|
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY C | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY D | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY E | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY F | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY G | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |

### INSTRUCTIONS

1. This form, for the protection of persons supplying labor and material, is used when a payment bond is required under 40 USC Chapter 31, Subchapter III, Bonds.  Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form.  An authorized person shall sign the bond.  Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitations listed therein.  The value put into the LIABILITY LIMIT block is the penal sum (i.e., the face value) of the bond, unless a co-surety arrangement is proposed.

   (b) When multiple corporate sureties are involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)."  In the space designated "SURETY(IES)" on the face of the form, insert only the letter identifier corresponding to each of the sureties.  Moreover, when co-surety arrangements exist, the parties may allocate their respective limitations of liability under the bonds, provided that the sum total of their liability equals 100% of the bond penal sum.

   (c) When individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning its financial capability.

4. Corporations executing the bond shall affix their corporate seals.  Individuals shall execute the bond opposite the words "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

**STANDARD FORM 25A** (REV. 8/2016) BACK

**ZURICH AMERICAN INSURANCE COMPANY**
**COLONIAL AMERICAN CASUALTY AND SURETY COMPANY**
**FIDELITY AND DEPOSIT COMPANY OF MARYLAND**
**POWER OF ATTORNEY**

KNOW ALL MEN BY THESE PRESENTS: That the ZURICH AMERICAN INSURANCE COMPANY, a corporation of the State of New York, the COLONIAL AMERICAN CASUALTY AND SURETY COMPANY, a corporation of the State of Illinois, and the FIDELITY AND DEPOSIT COMPANY OF MARYLAND a corporation of the State of Illinois (herein collectively called the "Companies"), by **Robert D. Murray, Vice President**, in pursuance of authority granted by Article V, Section 8, of the By-Laws of said Companies, which are set forth on the reverse side hereof and are hereby certified to be in full force and effect on the date hereof, do hereby nominate, constitute, and appoint **Karen C. SWANSON, Holli ALBERS, Jamie L. MARQUES, Carley ESPIRITU, Christopher KINYON, Brent E. HEILESEN, Annelies M. RICHIE, Kyle Joseph HOWAT, and Heather L. ALLEN, all of Tacoma, Washington, EACH**, its true and lawful agent and Attorney-in-Fact, to make, execute, seal and deliver, for, and on its behalf as surety, and as its act and deed: **any and all bonds and undertakings**, and the execution of such bonds or undertakings in pursuance of these presents, shall be as binding upon said Companies, as fully and amply, to all intents and purposes, as if they had been duly executed and acknowledged by the regularly elected officers of the ZURICH AMERICAN INSURANCE COMPANY at its office in New York, New York., the regularly elected officers of the COLONIAL AMERICAN CASUALTY AND SURETY COMPANY at its office in Owings Mills, Maryland., and the regularly elected officers of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND at its office in Owings Mills, Maryland., in their own proper persons.

The said Vice President does hereby certify that the extract set forth on the reverse side hereof is a true copy of Article V, Section 8, of the By-Laws of said Companies, and is now in force.

IN WITNESS WHEREOF, the said Vice-President has hereunto subscribed his/her names and affixed the Corporate Seals of the said **ZURICH AMERICAN INSURANCE COMPANY, COLONIAL AMERICAN CASUALTY AND SURETY COMPANY, and FIDELITY AND DEPOSIT COMPANY OF MARYLAND**, this 26th day of February, A.D. 2019.

  

ATTEST:
**ZURICH AMERICAN INSURANCE COMPANY**
**COLONIAL AMERICAN CASUALTY AND SURETY COMPANY**
**FIDELITY AND DEPOSIT COMPANY OF MARYLAND**

By: *Robert D. Murray*
     *Vice President*

By: *Dawn E. Brown*
     *Secretary*

**State of Maryland**
**County of Baltimore**

On this 26th day of February, A.D. 2019, before the subscriber, a Notary Public of the State of Maryland, duly commissioned and qualified, **Robert D. Murray, Vice President and Dawn E. Brown, Secretary** of the Companies, to me personally known to be the individuals and officers described in and who executed the preceding instrument, and acknowledged the execution of same, and being by me duly sworn, deposeth and saith, that he/she is the said officer of the Company aforesaid, and that the seals affixed to the preceding instrument are the Corporate Seals of said Companies, and that the said Corporate Seals and the signature as such officer were duly affixed and subscribed to the said instrument by the authority and direction of the said Corporations.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my Official Seal the day and year first above written.

Constance A. Dunn, Notary Public
My Commission Expires: July 9, 2019

**EXTRACT FROM BY-LAWS OF THE COMPANIES**

"Article V, Section 8, Attorneys-in-Fact. The Chief Executive Officer, the President, or any Executive Vice President or Vice President may, by written instrument under the attested corporate seal, appoint attorneys-in-fact with authority to execute bonds, policies, recognizances, stipulations, undertakings, or other like instruments on behalf of the Company, and may authorize any officer or any such attorney-in-fact to affix the corporate seal thereto; and may with or without cause modify of revoke any such appointment or authority at any time."

**CERTIFICATE**

I, the undersigned, Secretary of the ZURICH AMERICAN INSURANCE COMPANY, the COLONIAL AMERICAN CASUALTY AND SURETY COMPANY, and the FIDELITY AND DEPOSIT COMPANY OF MARYLAND, do hereby certify that the foregoing Power of Attorney is still in full force and effect on the date of this certificate; and I do further certify that Article V, Section 8, of the By-Laws of the Companies is still in force.

This Power of Attorney and Certificate may be signed by facsimile under and by authority of the following resolution of the Board of Directors of the ZURICH AMERICAN INSURANCE COMPANY at a meeting duly called and held on the 15th day of December 1998.

RESOLVED: "That the signature of the President or a Vice President and the attesting signature of a Secretary or an Assistant Secretary and the Seal of the Company may be affixed by facsimile on any Power of Attorney...Any such Power or any certificate thereof bearing such facsimile signature and seal shall be valid and binding on the Company."

This Power of Attorney and Certificate may be signed by facsimile under and by authority of the following resolution of the Board of Directors of the COLONIAL AMERICAN CASUALTY AND SURETY COMPANY at a meeting duly called and held on the 5th day of May, 1994, and the following resolution of the Board of Directors of the FIDELITY AND DEPOSIT COMPANY OF MARYLAND at a meeting duly called and held on the 10th day of May, 1990.

RESOLVED: "That the facsimile or mechanically reproduced seal of the company and facsimile or mechanically reproduced signature of any Vice-President, Secretary, or Assistant Secretary of the Company, whether made heretofore or hereafter, wherever appearing upon a certified copy of any power of attorney issued by the Company, shall be valid and binding upon the Company with the same force and effect as though manually affixed.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed the corporate seals of the said Companies, this _7th_ day of _August_ , _2019_.



*Brian M Hodges*

By:    Brian M. Hodges
Vice President

**TO REPORT A CLAIM WITH REGARD TO A SURETY BOND, PLEASE SUBMIT A COMPLETE DESCRIPTION OF THE CLAIM INCLUDING THE PRINCIPAL ON THE BOND, THE BOND NUMBER, AND YOUR CONTACT INFORMATION TO:**

Zurich Surety Claims
1299 Zurich Way
Schaumburg, IL 60196-1056
www.reportsfclaims@zurichna.com
800-626-4577